(26 Misc. Rep. 547.)

### BURNETT v. MITCHELL.

(Supreme Court, Special Term, New York County. March, 1899.)

DISCOVERY—EXAMINATION OF PLAINTIFF.

    In an application for examination of plaintiff before trial, under Code, § 872, subd. 4, it is insufficient merely in the affidavit to allege that the testimony of the party is necessary in the defense of the action, but the affidavit should specify the facts and circumstances showing such examination material.

Action by William B. Burnett against James Mitchell. Motion to vacate order for examination of plaintiff before trial. Motion granted.

Carroll Sprigg, for the motion.

Hatch & Wickes, opposed.

GILDERSLEEVE, J. This is a motion to vacate an order for the examination of the plaintiff before trial, under section 870 of the Code. The affidavits upon which the order was granted are made by the defendant and his attorney, and set forth all the formal requirements of section 872 of the Code applicable to the case. It is objected that they do not comply with subdivision 5 of said section, for the reason that they do not show that the defendant cannot have the attendance of the plaintiff at the trial. This subdivision, however, particularly states that it does not apply to a case where a party to the action is to be examined. No affidavits have been submitted on the part of the plaintiff on this motion, but the motion is made upon the papers upon which the order was granted, together with a previous order for a bill of particulars, the bill of particulars served thereon, and a supplemental bill of particulars. Rule 82 of the general rules of practice requires that the affidavit shall specify the facts and circumstances which show, in conformity with subdivision 4 of section 872 of the Code, that the examination of the person is material and necessary. It is not sufficient merely to allege that the testimony of the party is material and necessary for the party making the application, in the prosecution or defense of the action, or that the party cannot safely proceed to trial without the examination. See Crooke v. Corbin, 23 Hun, 176. I do not think that the defendant has sufficiently complied with the requirements of this rule. The motion is granted, with $10 costs to abide the event.

Motion granted, with $10 costs to abide event.